UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEIMAR SUAREZ,

-vs-                                                        Case No.  8:04-cr-141-T-24MAP
                                                                               8:05-cv-1179-T-24MAP

UNITED STATES OF AMERICA.
_____

# ORDER

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.  (Doc. cv-1, cr-114).

BACKGROUND

Defendant pled guilty to count one of the Indictment <u>pursuant to a written plea agreement that contained a waiver of appeal</u>.  The waiver states:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines.  Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.  Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Plea Agreement, Doc. cr-35, p. 12, ¶ 5).

Count one charged Defendant with possession with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in

violation of Title 46, Appendix, United States Code, Sections 1903(a) and 1903(g); Title 18, United States Code, Section 2; and Title 21, United States Code, section 960(b)(1)(B)(ii). Under the terms of the plea agreement, the remaining count was to be dismissed at sentencing.

On September 10, 2004, the Court sentenced Defendant to168 months incarceration. Counts two was dismissed on the Government's motion. (Doc. cr-79). Judgment was entered September 10, 2004. (Doc. cr-79). Defendant did not file a direct appeal. Suarez signed the present timely filed 28 U.S.C. § 2255 motion to vacate on June 15, 2004, raising five grounds for relief.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Defendant's motion to vacate must be **DENIED**.

### Grounds One and Five

In Ground One, Suarez alleges:

Counsel was ineffective in regards to ensuring that client/petitioner knowingly, and voluntarily entered into his plea agreement with the knowledge and understanding of circumstances surrounding the plea as well as the harsh consequences of said plea of guilty. The petitioner [Suarez] is not of this country has limited English skills and couldn't possibly understand the procedures.

In Ground Five, Suarez alleges:

Counsel was ineffective when counsel allowed Petitioner to plead guilty to a crime that should have been established as a mere mule, thus receiving a substantial less amount of incarceration. The petition was in fact only a mule coerced into the crime by threat of his life as well as his family's safety. The counsel should have attempted to negotiate a crime of petitioner being a mule. Should a person who is threatened by his life and family's safety be treated as a distributor of narcotics? I think not.

These claims have no merit. Suarez was represented by Attorney Pedro Amador, Jr. At the plea hearing, Suarez stated that it was Suarez's decision to plead guilty after he discussed his guilty plea with his attorney. (Doc. cr-111, p. 12). The United States Magistrate Judge explained the maximum penalties for Suarez's offenses. He explained that count one of the Indictment, the count to which Suarez was pleading guilty, was punishable by a term of imprisonment of not less than ten years to a maximum of life. "That it to say, it is punishable by a mandatory minimum term of ten years up to a maximum sentence of imprisonment of life. . ." (Doc. cr-111, p. 15)

Suarez stated that he understood the penalties that he faced by pleading guilty. (Doc. cr-111, p. 16). Suarez stated that he did not have any questions about the penalties. (Doc. cr-111, pp. 15-16). The United States Magistrate Judge also explained the sentencing process to Suarez, and Suarez stated that he understood the process. (Doc. cr-111, pp. 17-18).

The Judge also explained:

> Now your lawyer may have given you an opinion about what he or she thinks the sentence will be, but if the sentence is more severe than what you expected, you will not be able to withdraw your plea.

(Doc. cr-111, p. 18). Suarez stated that he understood. (Doc. cr-111, p. 18).

Furthermore, the United States Magistrate Judge explained the ramifications of the appeal waiver. (Doc. cr-111, pp. 18-19). Suarez stated that he understood. (Doc. cr-111, p. 20). The Judge explained the rights that Suarez would be waiving if he pled, and subsequently stated:

>THE COURT: All right. It is the finding of the Court in this case that as to each defendant[1] each is fully competent and capable of entering an informed plea, that each plea is a knowing and voluntary one, supported by an independent basis in fact containing each of the essential elements of the offense, and in my report to the District Judge I will recommend that each defendant's plea of guilty be accepted, that each be adjudged guilty and have sentence imposed accordingly.

(Doc. cr-111, p. 28)

<u>Suarez has not alleged that his plea was not knowing and voluntary</u>, and the record demonstrates that the plea *was knowingly and voluntarily* made. Not only did Suarez initial every page of the written plea agreement (Doc. cr-35), he answered the questions at the plea hearing demonstrating that he was aware of the consequences of pleading guilty, and that, knowing the consequences, he chose to plead guilty.

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970); <u>see</u> <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969); <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985). In the present case, Suarez was advised of the consequences of his entering a guilty plea. In essence, he was given an opportunity to make a "voluntary intelligent choice among the alternative courses" open to him.

Furthermore, as to Ground Five, to the extent Defendant Suarez is alleging that his counsel was ineffective at sentencing, the claim fails. In <u>Williams v. United States</u>, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered a plea waiver containing the exact same language as that contained in Suarez's plea waiver. Having considered the language in Williams' appeal waiver, the Eleventh Circuit held that a valid sentence-appeal waiver, "entered

---

[1] Defendants Froilan Grueso Cardenas, Heimar Suarez, Valdemar Vallecillo, and Stanislaos Mosquera Valrucia entered their pleas in a hearing on June 8, 2004.

into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."  Williams, 396 F.3d at 1341-1342.

Because Defendant Suarez does not allege that his plea was not knowingly and voluntarily entered, Ground Five fails under the holding in Williams.

Grounds One and Five do not warrant relief.

## Grounds Two and Three

In Ground Two, Suarez alleges:

Counsel was ineffective in not challenging the PSI report that indicated enhancements that was not part of the indictment, but merely found by preponderance of evidence.  Thus, violating his 5th and 6th Amendments.

In Ground Three, Suarez alleges:

Violation of Petitioner's 5th and 6th Amendment rights.  Petitioner asserts that these rights were in fact violated but the continued ineffectiveness of his counsel and the deliverance of a sentence that is deemed unconstitutional but [sic]  the Supreme Court's ruling on Booker (2005).  The 5th Amendment Right declares that a person must be charged in the indictment all [sic] elements of the crime. The Petitioner pleaded guilty to 5 kilograms or more of cocaine, but the 1000 kilograms that the PSI report presented to the judge for the judge to enhance Petitioner's sentence.  The Petition was a mere mule forced into the activity he was charged with, by threat to his family back home in Colombia. Yet he still was coerced into a plea of possession with intent, that his attorney assured him was true and correct and that he the Petitioner must accept and plead guilty to.  The counsel assured him of no more than 120 months for his guilty plea, never informing him that he could be enhanced beyond the 120 months.

These claims have no merit.  First, as to Ground Two, the United States Magistrate Judge explained the maximum penalty to the Defendant.  Second, Grounds Two and Three are related to the holdings in Blakely and Booker.[2]  However, Blakely v. Washington, 542 U.S. ----,

---

[2] Suarez discusses these cases on page 10, 10a and 10b of the motion to vacate under the heading, "Principles in United States v. Booker retroactive Correction of Unconstitutional Sentences."

124 S.Ct. 2531 (2004), and the more recently decided <u>United States v. Booker</u>, --- U.S. ----, 125 S.Ct. 738 (2005) do not apply retroactively on collateral review.  <u>Varela v. United States</u>, 400 F.3d 864 (2005).

Furthermore, to the extent that Defendant Suarez is alleging his counsel was ineffective at sentencing, the claims in Grounds Two and Three fail under the holding in <u>Williams</u>.

Grounds Two and Three do not warrant relief.

### Ground Four

Suarez alleges that:

> His federal guideline calculations were inappropriately applied via the PSI report. The guideline table for establishing the offense level of said crime for 5 or more kilograms of cocaine is a base level of 32.  The petitioner was afforded -2 level for Specific Offense Characteristics:  (1) - (5) of USSG § 5C1.2 (Limitations on Applicability of Statutory Minimum sentences in Certain Cases). USSG §2D1.1(b)(6).The Petitioner then received -2 levels for Acceptance of Responsibility. USSG § 3D1.1(a).  And an additional -1 level for assistance to the government and timely notice of intent to plead guilty.  Thus what should be brought to a total offense level of 27 in which the maximum sentence according [sic] the guideline table calculations is 70-87 months.  However, violating the petitioner's rights the courts allowed the conclusion of the PSI report to determine the petitioner's sentence and unconstitutionally enhanced him to a base offense level of 38.

This claim also fails because it is based on the holdings <u>Blakely</u> and <u>Booker</u>, neither of which are retroactive on collateral attack. (See above).

Ground Four does not warrant relief.

Even if Suarez could have appealed his sentence after signing the plea agreement containing the appeal waiver, none of the Grounds he raises warrant relief.

Accordingly, the Court orders:

That Suarez's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1, cr-114) is denied. The Clerk is directed to enter judgment against Suarez in the civil case and to close that case.

ORDERED at Tampa, Florida, on July 18, 2005.

SUSAN C. BUCKLEW
United States District Judge

AUSA: Christopher P. Tuite

Pro se: Heimar Suarez